STATE OF MAINE
AROOSTOOK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.
      CARSC-CV-04-063

MONIQUE MICHAUD                    )
of Fort Kent, in the County        )
of Aroostook and State of Maine,   )
                                   )
        Plaintiff                  )        COMPLAINT
                                   )
    vs         ..   .   .   .      )
                                   )
PAUL REVERE                        )
TRANSPORTATION, LLC                )
a corporation licensed in the State )
of Massachusetts                   )
                                   )
        and                        )
                                   )
PETE'S TIRE BARN, INC.             )
a corporation with an office in    )
Orange, County of Franklin and     )
State of Massachusetts,            )
                                   )
        Defendants                 )

## COUNT I

NOW COMES Plaintiff, Monique Michaud, through her attorney, Theodore M. Smith, and states as follows:

1. Plaintiff is a resident of Fort Kent, in the County of Aroostook and State of Maine.

2. Defendant Paul Revere Transportation, LLC is a limited liability corporation with an office at 99 Summer Street, Boston, County of Suffolk and State of Massachusetts.

8/09/2004 13:04 FAX 2077741343          RWLB PORTLAND                                    ☐010
        SEP 08 2004 17:22 FR ST.PAUL F & M              2077613887 TO 927741343          P.05/09
        08/07/2004 16:57 FAX 19782487871          KIMBALL COOKE INC                      ☐004

3. Defendant Pete's Tire Barn, Inc. is a corporation with an office at 275 E. Main St., Orange, County of Franklin and State of Massachusetts.

4. On August 8, 1998, at 5:00 pm., Plaintiff was driving her automobile with due care on Interstate 95 in Etna, Maine, County of Penobscot, State of Maine. At about the same time, Defendant was driving a tour bus South on Interstate 95. One entire tread of the bus' tire was flung onto the roadway. Plaintiff, in the exercise of reasonable care, avoided the collision with the tire, and in doing so, lost control of her vehicle and crashed along the side of the road into a ledge wall.

5. The collision was a direct and proximate result of the negligence of defendant, in the following respects;

a. Defendant did not furnish the bus with a reputable brand of tires giving adequate protection against blowouts.

b. Defendant did not replace the tires when they became so worn as to create an unreasonable risk of skidding or blowout;

c. Defendant, knowing the defects and condition of the tires, nevertheless drove the bus on the highway;

d. Defendant drove the bus at a speed that was unreasonable, considering the condition of the bus tires;

e. Defendant did not exercise reasonable care to inspect the tires.

6. Each of the foregoing acts of negligence on the part of Defendant was a direct and proximate cause of the collision, and of the ensuing injuries to Plaintiff and damage to Plaintiff's vehicle.

7. As a direct and proximate result of the negligent acts of Defendant, a collision occurred in which the Plaintiff was violently thrown about the interior of her automobile suffering a concussion, cervical injuries and multiple lacerations, headaches, neck pain, and mental anguish. Plaintiff's injuries are permanent and she will continue to suffer pain in the future. Plaintiff has suffered and will continue to suffer loss of enjoyment of life.

8. As a further direct and proximate result of the carelessness and negligence of Defendant, Plaintiff lost six (6) weeks of lost wages from her

employment as a nurse in the amount of $3,503.38.

WHEREFORE Plaintiff demands judgment against Defendants for:

1. Such damages for Plaintiff Monique Michaud's injuries as are reasonable in the premises;
2. Such damages for lost wages as is reasonable in the premises; and,
3. Interest and costs.

## COUNT II

9.  Plaintiff incorporates by reference the allegations of Paragraphs 1 through 8 of Count I of Plaintiff's Complaint.

10. Paul Revere Transportation LLC at all times relevant to this Complaint was a user of retread highway tires in the business of operating a bus service in various states including Maine.

11. Pete's Tire Barn, Inc. at all times relevant to this Complaint was a seller of retread highway tires to bus companies as well as other users of tires.

12. On or about June, 1998, Pete's Tire Barn, Inc. did sell to Paul Revere Transportation, LLC a certain retread highway tire which was installed on Paul Revere Transportation, LLC 1996 Coach identified as Bus 82.

13. Said Pete's Tire Barn, Inc. was in the business of selling such retread tires and reasonably expected that Paul Revere Transportation would use said tire on its buses and that bus passengers and other highway travelers would be affected by the tire.

14. Said tire was expected to and did reach Paul Revere Transportation without significant change in the condition in which it was sold.

15. Said retread tire was in a defective condition unreasonably dangerous to the user or to his property in that the tread was not sufficiently bonded to the carcass of the tire.

SEP 08 2004 17:22 FR ST.PAUL F & M          2077513887 TO 927741343          P.07/09
                                                                              ☑012
09/07/2004 16:55 FAX 13782487871          KIMBALL COOKE INC                   ☑008

16.  Plaintiff Monique Michaud on August 9, 1998, was a traveler on Interstate Highway 95 proceeding Southerly near Etna.

17.  At said time and place, Defendant Paul Revere Transportation was operating Bus 82 also on said highway.

18.  The defective retread tire at said time and place suddenly separated and fell into the highway where Plaintiff's automobile was unable to avoid it and subsequently lost control of her vehicle because of the evasive maneuver.

WHEREFORE Plaintiff demands judgment against Defendants for:

1.  Such damages for Plaintiff Monique Michaud's injuries as are reasonable in the premises;
2.  Such damages for lost wages as is reasonable in the premises;
3.  Pain and suffering; and,
4.  Interest and costs.

Dated:  August 9, 2004

Theodore M. Smith, Esq.
Attorney for Plaintiff
PO Box 7
Van Buren, Maine 04785
Bar No. #9231

C:\Documents and Settings\Cooper\My Documents\...\Michaud Monique v Paul Revere Trans 806 TED.doc