UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MONIQUE MICHAUD,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>PAUL REVERE TRANSPORTATION, LLC,<br>and PETE'S TIRE BARN, Inc.,<br><br>　　　　　　Defendants | Civil No. 04-162-B-C |

Gene Carter, Senior District Judge

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

　　　　This case arises out of an automobile collision on Interstate 95 in Penobscot County, Maine. Plaintiff Monique Michaud alleges that while she was traveling behind a tour bus on the Interstate, the bus suffered a tire blowout. Plaintiff further alleges that in an effort to avoid the tire tread on the roadway, she lost control of her vehicle and crashed into a wall on the side of the road.

　　　　Plaintiff commenced this action in the Superior Court of the State of Maine. Plaintiff's two count Complaint appears to allege one count on a theory of negligence and one count on a theory of products liability. Defendants Paul Revere Transportation, LLC and Pete's Tire Barn, Inc., both Massachusetts corporations, timely removed the action to this Court pursuant to federal diversity jurisdiction. On April 15, 2005, the United States Magistrate Judge granted Defendants' Motion to Strike (Docket Item Nos. 21 & 22)

Plaintiff's expert witness designations on the grounds that the designations were late and deficient. *See* Memorandum of Decision on Motions to Strike and Exclude (Docket Item No. 30).

Now before the Court is Defendant Pete's Tire Barn's Motion for Summary Judgment (Docket Item No. 31) and Defendant Paul Revere Transportation's Motion for Summary Judgment (Docket Item No. 33). Both motions are predicated on the same theory -- that Plaintiff cannot establish a prima facie case under either products liability or negligence without the introduction of expert testimony.

Maine's strict liability statute, 14 M.R.S.A. § 221, is drawn from section 402A of the Restatement (Second) of Torts (1965). *See Bernier v. Raymark Indus., Inc.*, 516 A.2d 534, 537 (Me. 1986). In analyzing section 402A, the Court of Appeals for the First Circuit has stated the following:

> [j]urisdictions which model their decisional law along Restatement lines uniformly hold that a strict liability claimant may demonstrate an unsafe defect through direct eyewitness observation of a product malfunction, and need not adduce expert testimony to overcome a motion for summary judgment.

*Perez-Trujillo v. Volvo Car Corp.*, 137 F.3d 50, 55 (1st Cir. 1998). Defendants have not provided the Court with any citations to Maine state cases based upon similar factual circumstances -- nor does the Court's independent research reveal any such cases -- in which the courts of Maine have required expert testimony to prevail on claims of products liability or negligence.[1]

---

[1] Defendant Pete's Tire Barn's reliance on *Boucher v. Northeastern Log Homes, Inc.*, No. 04-84-P-C, 2005 U.S. Dist. Lexis 6149 (D. Me. Mar. 8, 2005) is misplaced. The Court in *Boucher* required expert testimony when applying New Hampshire law because that requirement was imposed by the substantive law of New Hampshire. *Id.* at *61 (quoting *Estate of Joshua T. v. State*, 840 A.2d 768, 771-72 (N.H. 2003)).

After a full review of the parties' Rule 56 submissions, the Court concludes that there exist genuine issues of material fact and that Defendants are not entitled to judgment as a matter of law. Accordingly, it is **ORDERED** that Defendant Pete's Tire Barn, Inc.'s Motion for Summary Judgment (Docket Item No. 31) and Defendant Paul Revere Transportation, LLC's Motion for Summary Judgment (Docket Item No. 33) each be, and they are hereby, **DENIED**.

    /s/ Gene Carter
**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 7th day of July, 2005.