UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MONIQUE MICHAUD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 04-162-B-C |
| ) | |
| PAUL REVERE ) | |
| TRANSPORTATION LLC and ) | |
| PETE'S TIRE BARN, INC., ) | |
| ) | |
| Defendants ) | |

**ORDER GRANTING PLAINTIFF'S MOTION
TO CLARIFY PLEADINGS**

Plaintiff's Motion to Clarify Pleadings (Docket No. 50) is **GRANTED.** Although captioned as a motion to "clarify," the motion is actually a motion to amend the complaint to include the following language: "Defendant placed on the highway a retreaded tire and did not immediately take reasonable efforts to clear the way of the tire deposited there."

**Rule 15(a)  Standard**

Pursuant to Federal Rules of Civil Procedure 15(a), leave to amend a complaint should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962) (" In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). However, there are certain instances when amendment need not be allowed,

such as a situation where the amendment would be futile.  <u>Correa-Martinez v. Arrillaga-Belendez,</u> 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

## Discussion

Both defendants object to the amendment because it is not timely under the scheduling order.  That is true, but the amendment does not introduce any new facts into the case and is simply an attempt by plaintiff to conform the existing evidence to a new theory of statutory negligence based upon Maine motor vehicle law.  Based upon the defendants' delays in furnishing their discovery responses, I do not find the delay inexcusable.  Plaintiff might have attempted to accomplish the same thing by simply requesting a jury instruction on the statutory provision.  (I am not suggesting the viability of such a request.)  The only defendant directly impacted by this amendment is Paul Revere Transportation, as the allegation could only possibly pertain to its agents.  (Nor am I suggesting that the evidence in any way suggests that its agents did not immediately take reasonable efforts to remove the tire, only that the allegation must pertain to Paul Revere, not Pete's.)  Pete's Tire Barn, Inc. did not place a retreaded tire on the highway at the time and place of this accident and there is no allegation that it did so.  Furthermore plaintiff makes it clear that she wants to insert this allegation at paragraph (5)(f) of her two count complaint.  That insertion squarely places the allegation under count I which is directed at the defendant, singular, and clearly applies to the alleged negligence of Paul Revere.

In order to alleviate any potential claim of prejudice that Paul Revere might claim by this amendment, I now direct that the plaintiff must make herself available for a post-discovery deposition sufficiently prior to the October 3, 2005, jury selection date so as to not delay the trial of this matter.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated August 15, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge